In the Matter of the Estate of CLARA G. BRADDELL, Deceased.

Surrogate's Court, New York County, October 30, 1937.

*E. Dean Fuller*, for Leonard David Frank, petitioner.

*Joseph A. Cox*, for James F. Egan, public administrator.

DELEHANTY, S. Chapter 230 of the Laws of 1898 defines the rights, powers and duties of the public administrator of New York county. Section 22 of that act provides among other things that if any person entitled to a distributive share in the estate of a deceased person " shall, within three months after the public administrator has become vested with the powers of an administrator on such estate, apply * * * for letters of administration, the same shall be granted to him."

Here the public administrator was appointed on May 28, 1937. Petitioner, who concededly is a distributee of deceased, filed in this court on August 19, 1937, a petition which sets forth all necessary jurisdictional facts and which seeks a revocation of the letters issued to the public administrator. On the date of filing of the petition no citation was obtained and none was in fact obtained until October 18, 1937.

The sole question presented is whether or not petitioner applied within the statutory period for letters in his own behalf. The public administrator asserts that petitioner is too late. The court holds that the short Statute of Limitations contained in section 22 should be strictly construed and that a distributee is deemed to have applied within the meaning of the section if within the period of limitations he has taken the steps necessary to initiate a proceeding and if he prosecutes the proceeding in due course. Section 48 of the Surrogate's Court Act says: " Every proceeding in Surrogate's Court shall be commenced by the filing of a petition. In any case where the time in which to begin such proceeding is limited, a citation, or an order to show cause, on such petition must, within sixty days thereafter, be issued and be served, as prescribed in this act, upon the adverse party." Here the proceeding was duly initiated. The last day for issuance of citation would have expired on October 17, 1937, except for the fact that that day was a Sunday. By reason of that fact the sixty-day period was extended to the next business day which was Monday, October 18, 1937. (General Constr. Law, §§ 20, 110.) On that day this citation was issued and served. The court holds accordingly that the proceeding was initiated within the time prescribed. The letters issued to the public administrator will be vacated. He is directed to account within fifteen days after the service upon him of the decree vacating his letters.

Submit, on notice, decree accordingly.